**Kenneth J. KANIA, Dolores Kania,
Plaintiffs–Appellants,**

v.

**Diane NELSON, in her capacity as Tax
Collector, Pinellas County, Florida,
Jim Smith, in his capacity as Tax Ap-
praiser, Pinellas County, Florida, et
al., Defendants–Appellees.**

No. 08–11538
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 29, 2008.

Kenneth J. Kania, St. Petersburg, FL,
pro se.

Dolores Kania, St. Petersburg, FL, pro
se.

Before BIRCH, DUBINA and
BARKETT, Circuit Judges.

PER CURIAM:

Kenneth and Dolores Kania appeal *pro
se* from the district court's order dismiss-
ing for lack of subject matter jurisdiction
their 42 U.S.C. § 1983 action against Pi-
nellas County and several of its officials
challenging the validity of a state tax. The
Kanias, nonresidents of Florida, alleged
that Florida's homestead exemption and
Save Our Homes tax cap violate the Unit-
ed States Constitution's Privileges and Im-
munities Clause, and thus, sought prospec-
tive application of those provisions to the
state property taxes assessed on their St.
Petersburg condominium and monetary
damages in the form of a partial refund of
taxes already paid.

The district court dismissed their com-
plaint, concluding that the Tax Injunction
Act (TIA), 28 U.S.C. § 1341, deprives dis-
trict courts of jurisdiction over challenges
to state taxes and that, further, the princi-
ple of comity requires taxpayers to seek
relief in state courts where such a remedy
is available. We agree.

The TIA states that "[t]he district courts
shall not enjoin, suspend or restrain the
assessment, levy or collection of any tax
under State law where a plain, speedy and
efficient remedy may be had in the courts
of such State." The TIA bars claims not
only for injunctive or declaratory relief,

152

but also for refunds and damages, as a monetary award would have the same effect on the State as if the prospective relief had been granted. *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1132–33 (5th Cir. 1980) (holding that the TIA deprives district courts of jurisdiction over claims for money damages based on unconstitutionality of city tax and tortious nature of enforcement). Congress enacted the TIA to prevent those who seek to avoid paying their tax bill from challenging the tax's validity in federal court instead of pursuing the course specified by the state taxing authority. *Hibbs v. Winn*, 542 U.S. 88, 104–05, 124 S.Ct. 2276, 2288, 159 L.Ed.2d 172 (2004).

The Kanias frame their suit as one arising from the Constitution and § 1983. The subject matter of the suit, however, is the application of Florida's homestead exemption and Save Our Homes tax cap, and the Kanias seek relief in the form of (1) a tax refund and (2) prospective application of the Florida laws to the taxes assessed on their St. Petersburg property. Thus, their claim comes squarely within the ambit of the TIA. Furthermore, the Kanias have failed to show that Florida does not provide a plain, speedy, and efficient remedy for their challenge of the state tax system or a plain, adequate, and complete remedy for their federal constitutional claim.

**AFFIRMED.**